NICHOLS (UNITED STATES v.). See Case No. 15,876.

NICHOLSON (BEATAUGH v.). See Case No. 1,194.

## Case No. 10,248.
### NICHOLSON v. CHICAGO.
[5 Biss. 89.][1]

Circuit Court, N. D. Illinois. June, 1869.

ENTERING APPEAL NUNC PRO TUNC.

Where an appeal bond to the supreme court has been presented and approved, but no formal appeal prayed or allowed, though it was evidently the intention of the parties to appeal, and it was so understood by the court, it is competent for the court subsequently to enter an order nunc pro tunc allowing the appeal.

C. Beckwith, for the city, moved for an order nunc pro tunc amending the record to show that an appeal was prayed. Final decree was entered on the 7th of January, 1867. Appeal bond was approved Jan. 16, 1867. Counsel learned that the appeal was not of record, March 26, 1869.

S. A. Goodwin, for plaintiff [Samuel Nicholson], read affidavit of E. C. Larned, that he was present in the court room when S. A. Irwin, corporation counsel, stated to the court that the finance committee of the common council had under consideration, the matter of taking an appeal and that their action was to depend on the opinion of Judge Curtis, to whom the matter had been referred by the city; that he does not recollect that an appeal ever was prayed or allowed in said cause; that Irwin, only stated that he wished to appeal. He also cited Barrel v. Transportation Co., 3 Wall. [70 U. S.] 424, to show that the allowance of the appeal was actually necessary and that a petition presented for the filing of a bond is not the allowance of an appeal; also, Seymour v. Freer, 5 Wall. [72 U. S.] 822.

DRUMMOND, District Judge. It was understood by all the counsel, and by the court, that an appeal was asked for by the city and

---

[2] [From 20 Law Rep. 324.]
[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

allowed by the court. That was done orally, and no formal order was entered, nor asked for, nor considered necessary. In such a case, if we can make an order nunc pro tunc, it ought to be made. I do not suppose Mr. Irwin did come in and formally ask for an appeal in so many words, but he did in reality. The court acted upon it, although the court did not direct the clerk to enter an appeal. I never could have understood that it was necessary. It is a sort of interpolation that they have made in the supreme court. At any rate, the question has never been made, and there is nothing in the statute about it.

The case cited from 3 Wall. [supra], is the first decision that has come under my observation where it was decided by the supreme court that an allowance of an appeal entered of record in the court was indispensable. It seems to me that it would be sticking to the bark to hold that this appeal was not in reality well taken. It may be true that the counsel for the city did not come to the court and formally say, "I ask for an appeal," and the court did not formally say, "The appeal is allowed," but the counsel for the city came into court and intimated to the court, and gave the court to understand, that the city intended to appeal. The court so understood it, and when the court approved of the bond the court did it upon the understanding that the city desired to take an appeal, and intended to prosecute it. That being so, it seems to me that it would be giving rather too much weight to this technical rule which the supreme court has established recently that the party must come into court and pray for an appeal, and that the court must allow it as a matter of form. I think that it would be very difficult to carry out this new rule in all cases, one of which has just been stated by the counsel for the city, where the court had adjourned. Therefore, I am prepared to enter an order, although I think, to all intents and purposes, the appeal was prayed and allowed. I will direct the entry of an order nunc pro tunc, allowing the appeal.